1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11  SHARON ESPINOZA,                    Case No. 25-cv-05634-LB

12           Plaintiff,

13       v.                             **ORDER DENYING MOTION TO
                                        REMAND**
14  TARGET CORPORATION,
                                        Re: ECF No. 5
15           Defendant.

16

17                    **INTRODUCTION AND STATEMENT**

18       Plaintiff Sharon Espinoza sued Target Corporation in state court on October 15, 2024, for

19  negligence and premises liability after she slipped and was injured at a Target store on January 13,

20  2023, in San Francisco. The complaint did not specify her residence, but her amended complaint

21  (filed on March 24, 2025) alleged in the present tense that she resided in San Francisco.[1] On April

22  9, 2025, Target served written discovery asking for the plaintiff's address, including her residence

23  history for five years. On June 17, 2025, the plaintiff responded that she had been living at her

24  address in San Francisco since 1976.[2] Target removed the case to this court on July 3, 2025,

25

---

26  [1] Compl., Ex. A to Notice of Removal – ECF No. 1 at 8–12 (no allegations of residence); First Am.
    Compl. (FAC), Ex. A to *id.* – ECF No. 1 at 14 (¶ 4) (plaintiff resides in San Francisco), 15 (¶ 13)
27  (accident). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the
    ECF-generated page numbers at the top of documents.

28  [2] Blackburn Decl. – ECF No. 9-1 at 3 (¶ 9).

within thirty days of the interrogatory response but more than thirty days after the complaint was filed. 28 U.S.C. § 1446(b)(1). The plaintiff disputes the timeliness of removal: (1) she sent a prelitigation demand on June 24, 2024, to Target's insurer, attaching medical bills and records with her San Francisco address, and (2) her amended complaint specified that she lived in San Francisco. She asks for remand and her fees.[3] Target responded that it had notice that the action was removable only after the plaintiff responded to the interrogatory.[4] The court denies the motion to remand. As explained below, the case was not removable until Target became aware of the plaintiff's domicile via her interrogatory response, making removal timely.[5]

## ANALYSIS

A defendant may remove a case to federal court if the plaintiff could have filed the case here, meaning, the court has federal-question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and there must be complete diversity of citizenship between opposing parties. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).[6] Because district courts are courts of limited jurisdiction, courts construe the removal statute strictly and reject federal jurisdiction if there is any doubt as to the right of removal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The removing party has the burden of establishing the court's jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

---

[3] Mot. – ECF No. 5-1 at 4–7; Brophy Decl. – ECF No. 5-2 at 2 (¶ 3); Letter, Ex. A to Brophy Decl. – ECF No. 5-2 at 5; Med. R. – ECF No. 5-2 at 12–225.

[4] Notice of Removal – ECF No. 1 at 2 (¶ 3); Opp'n – ECF No. 9 at 4–5. It also contends that, in any event, it had reason to doubt the plaintiff's residency because she was rushing to catch an airplane at the time of her fall. Blackburn Decl. – ECF No. 9-1 at 2–3 (¶ 7). The plaintiff contends that she intended to bring lunch to her grandson, who worked at the airport. Espinoza Decl. – ECF No. 11-1 at 1 (¶ 4).

[5] All parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 7, 10.

[6] The parties do not dispute that the amount in controversy exceeds $75,000 and the parties are diverse.

United States District Court
Northern District of California

1   28 U.S.C. § 1446(b) establishes two thirty-day periods for removal. The first applies when a

2   pleading is removable on its face. 28 U.S.C. § 1446(b)(1). The second applies when "the case stated

3   by the initial pleading is not removable," and the defendant receives notice "through service or

4   otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first

5   be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see*

6   *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (discussing the two removal

7   periods). These thirty-day periods "operate as limitations on the right of removal rather than as

8   authorizations to remove and only apply to a defendant who is put on notice of removability." *Roth*

9   *v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

10  Sections 1446(b)(1) and (3) are bright-line rules requiring information to be "unequivocally

11  clear and certain" to support removability. *Barakat v. Costco Wholesale Corp.*, No. 20-cv-02248-

12  JCS, 2020 WL 3635933, at *4 (N.D. Cal. July 6, 2020) (quoting *Bosky v. Kroger Texas, LP*, 288

13  F.3d 208, 211 (5th Cir. 2002)) (citing *Nguyen v. Sam's W., Inc.*, No. 2:15-CV-00649-JAD, 2015

14  WL 5092689, at *3 (D. Nev. Aug. 27, 2015)); *see also Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095

15  (9th Cir. 2021) (adopting the "unequivocally clear and certain" standard for triggering the thirty-day

16  clock under § 1446(b)(3)). Courts in the Ninth Circuit have repeatedly held that defendants are not

17  charged with inquiry notice if either the initial pleading or other document is "indeterminate with

18  respect to removability." *Barakat*, 2020 WL 3635933, at *4 (cleaned up) (collecting cases). This

19  objective analysis of the pleadings promotes certainty, avoids gamesmanship, and minimizes

20  collateral litigation over whether the pleadings contained a sufficient clue, the defendant's

21  subjective knowledge, or the sufficiency of the defendant's inquiry. *Harris*, 425 F.3d at 697–98.

22  The initial complaint did not specify the plaintiff's residence and thus did not start the first

23  thirty-day clock. 28 U.S.C. § 1446(b)(2); *Harris*, 425 F.3d at 694–95. The prelitigation demand,

24  sent on June 24, 2024, before the complaint was filed, does not qualify as "other paper" that starts

25  the second thirty-day clock running because the plain language of § 1446(b)(3) limits "other paper"

26  to documents filed after the initial pleading. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

27  886 (9th Cir. 2010); *Svoboda v. Deutsche Bank Secs., Inc.*, No. C-10-01788-JCS, 2010 WL

28  3077101, at *4 (N.D. Cal. Aug. 6, 2010) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161–

1   64 (5th Cir. 1992), approved in *Harris*, 425 F.3d at 695 n.5) (holding that a pre-suit settlement letter

2   specifying damages in excess of $75,000 was not "other paper").

3       That leaves the amended complaint, filed on March 24, 2025, which alleges that the plaintiff

4   resides in San Francisco but does not specify that she did so at the time she filed the lawsuit in

5   2024. If the amended complaint gave clear notice of removability, then removal is untimely. It did

6   not provide unequivocally clear notice.

7       Some courts have held that an allegation of residency in a complaint is sufficient notice.

8   *Estrada v. Nissan N. Am., Inc.*, No. 25-cv-00783-SK, 2025 WL 842173, at *3 (N.D. Cal. Mar. 18,

9   2025) (collecting cases). *Estrada* was a lemon-law case involving vehicle defects, where the

10  complaint alleged that the plaintiff resided in California, and the defendant was a citizen of

11  Delaware and Tennessee. The court held that removal jurisdiction was apparent on the face of the

12  complaint and rejected Nissan's argument that it was required to obtain evidence of residency

13  before removing the case, remanding because removal occurred more than thirty days after the

14  complaint was filed. *Id.*

15      *Estrada* is distinguishable: there, the complaint alleged residency contemporaneous with the

16  vehicle's purchase and defects in California, making domicile more apparent at the time of filing.

17  Here, the amended complaint alleges residency in the present tense (in March 2025), after the filing

18  of the initial complaint (in October 2024) or the accident (in January 2023). Residency alone does

19  not establish citizenship or domicile for diversity purposes. *Kantor v. Wellesley Galleries, Ltd.*, 704

20  F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir.

21  2001) (an allegation of residency is insufficient to establish citizenship). The court looks to a party's

22  domicile at the time the lawsuit was filed. *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570–

23  71 (2004). Similarly, in *Harris*, the complaint alleged the defendant's residence on a former date,

24  not his citizenship or domicile at the time the action was filed. 425 F.3d at 695–96.

25      The amended complaint thus did not provide a clear ground for removal to start the thirty-day

26  clock. Within roughly two weeks after the plaintiff filed her amended complaint, the defendant

27  served an interrogatory to determine where the plaintiff resided at the time the lawsuit was filed.

28  *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (depositions and

written discovery, such as interrogatories and requests for information, are "other paper" for purposes of § 1446(b)(3)). It removed the case within thirty days after learning that she had lived in San Francisco since 1976. Removal was timely. This conclusion is consistent with *Harris*'s goal of guarding against premature and protective removals and minimizing the potential for a cottage industry of removal litigation. 425 F.3d at 697–98; *see also Roth*, 720 F.3d at 1126 (emphasizing avoidance of premature removals). Also, removal must be effected in diversity cases within one year after commencement of the action. 28 U.S.C. § 1446(c). This one-year bar provides defendants sufficient incentive and time to justify removal without imposing an undue burden to investigate removability within the first thirty days of receiving an indeterminate complaint. *Harris*, 425 F.3d at 697.

## CONCLUSION

The court denies the motion to remand. This resolves ECF No. 5.

**IT IS SO ORDERED.**

Dated: August 21, 2025

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California